The next case for argument is 16-1232, Big Baboon v. Lee Good morning, Your Honors. I'm Lance Reich. I represent Big Baboon, Inc. in the case of Big Baboon v. Lee. It's an appeal from a dismissal of our administrative procedure action in the Western District of Washington. My side of the case, as opposed to the earlier side of the case, has nothing to do with the merits of the reexamination at the Patent Office. It goes to the underlying procedure used by the examiner to admit the declarations of NUBER, which we've discussed extensively, and another gentleman named Burton, both SAP employees. Could you have raised the evidentiary challenges to the NUBER declaration in your appeal of the 275 reexamination? That is actually something that the government is advocating. That goes to the heart of something that is petitionable at the Patent Office versus an issue that's appealable. The merits of the appeal travel one path. They go to this court through the PTAB. When you petition under 1.181 to strike, which is what actually Big Baboon filed four petitions to, the ultimate one that was denied is the 1.181. That travels a different path, such as a restriction requirement or other procedural matters that the director decides. That is why the PTAB expressly didn't consider the constitutionality in those issues as they were decided under the denial of the petition. Those are challengeable by an APA action out in district court. What about the evidentiary challenges? We raised the evidentiary challenges at the Patent Office. The distinction, and Judge Hughes was asking questions about this earlier, is that you have the MPEP and the rules that the Patent Office used internally, which they either complied with or they didn't. That has nothing to do with whether or not they met the constitutional floor of due process. That's my side of the case. That is what Big Baboon argued. They raised this argument extensively at the Patent Office. The Patent Office denied our petition to strike, saying we don't have to comply with the FRE. Our position is, well, maybe not the FRE, but yes, the U.S. Constitution. That's all tied up with the evidentiary question, which is reviewable ultimately by this court after final decision by the board. This case travels as a petition, Your Honor. I understand that. You want to say that because you went to the director, that automatically turns into an APA suit, but you only get an APA suit if there's no other relief available elsewhere, right? If you can get relief, even on your constitutional challenge, by going to the board and coming to this court, then the APA suit wasn't proper. Petitionable versus appealable, Your Honor, it's the Patent Office. They have the rules about how you challenge this, the director, for the 181 petition. We challenged that. We said, please strike these. They said, no, we don't have to follow the FRE. The denial of the petition is not a final agency action. That's issue number two. According to the MPEP, it is to be considered a final agency action. It's a final agency action with respect to the PTO's decision on that evidence, but it's not a final agency action with respect to the APA. The final agency action with respect to the APA is the ultimate board decision denying your appeal. We've already said a motion in limine is, by nature, a preliminary ruling. Your Honor, if that's the case, the PTAB expressly didn't decide this issue. They said, we were not going to rule on constitutionality in making their decisions on this ex parte re-exam. That doesn't prevent us from deciding that constitutional question on appeal. Well, it's not anew. You've raised it. You've preserved it. This happens all the time. When administrative agencies have the authority to review certain matters, they can't declare statutes unconstitutional, but we can on review. I don't see anything different here. Your Honor, that's actually why one of the questions that the government has here is how everything on this side of the case is a constitutional issue and an administrative law issue, nothing with patent law. There's nothing here to declare unconstitutional by way of statute. It's an action that the examiner took. We're not assailing the re-examination process. That makes it even less of an APA case because it's tied to the specific facts of this case that we get the authority to review. The MPEP has no internal mechanism that talks about constitutionality and that the examiners have to comply with that. If you were to construe that argument and say, well, an attack at the MPEP or at least the allowance of this evidence admitting it in this ex parte re-exam under the MPEP is also passing on constitutionality, then it would be traveling with the appeal on the merits as part of the review of the entire ex parte re-exam process. But the way it's set up currently with the 181 declarations, denials being final agency actions, it travels a different path, just like a restriction requirement or other administrative It may be titled final agency action, but I think the comments that my colleagues have made to you, so maybe you can respond to them, is that whether they call it a final agency action, i.e. there's no other recourse you can get within the agency, the director has spoken, makes it a final agency action for purposes of the APA. Do you think that the two are necessarily the same? Or wouldn't the inquiry with respect to final agency action be much more fulsome and different with regard to final agency action under the APA? I think they can be different, Your Honor, because you have – if you view that path, path A, as a petition to the director, as something that is independently reviewable, then that would be the final agency action that is reviewable by the APA. If you do – if you view that as a subset and set under the merits of the case, as the overall review decision of this court – That fits the entire question, though. I mean, you're setting up this view that because under the NPEP or the agency's procedures, there's one way to do this, and then there's another way to get after the patent, that that necessarily results in a final APA reviewable decision. But doesn't the APA – I asked you this at the outset – have the other requirement that there not be any other adequate remedy in court? And how was there not an adequate remedy in your friend's argument in the first case today? Because this is an anachronistic re-examination with no evidentiary standards to be used by the examiners, that is – when they attacked that, we attacked it – not just one violation of the FRE, but four different violations of the FRE. And that's the merits of the case, Your Honor. But that – why wasn't their appeal in the first case an adequate remedy to raise all those issues? Well, the PTAB said we're expressly not dealing with that. We're not going to consider the Constitution out there. Well, we are. But if you – It doesn't say adequate remedy in an administrative agency. It says adequate remedy in court. So who's – We're a court. They could have raised those issues to us. They did raise some of those issues to us. I don't understand how you have an APA action here that's final and reviewable. Respectfully, Your Honor, if you're going to review – Let me ask you a hypothetical. If there wasn't this separate procedure for the director to issue rulings on evidentiary issues and re-exams, and you could raise that to the examiner, and the examiner can make his or her own decision, and you could raise it to the board, and then it came up here, that would be a sufficient procedure, right? Correct. And so the only thing different is, in these cases, the director can make a determination and direct the examiner what to do. The board can, I think – I mean, the board can still disregard the evidence. It may not be able to rule on the constitutionality of it. And then we have full plenary review. So I don't understand how the agency's decision to allocate one small part of this to the director renders that decision a final agency action, when what we're reviewing is the board decision, and you can raise those issues. Your Honor, that could well be the path. It would be different because if the PTAB has not been expressly reviewed, so we have no lower ruling of anybody on constitutionality, not from the PTAB, not from the examiner. But that's not unique. I mean, if that's your argument, then that's a loser, because that happens all the time with administrative agencies that have authority to review the facts and the law, but can't declare things unconstitutional. But we can. So if you preserve all your evidentiary objections and preserve your argument that it's unconstitutional, we can still hear it. So if that's the case, Your Honor, then the APA action wouldn't be right, but this court would hear it on the first, now, on the other side of the case, which is when this court ruled on the earlier case, the 2702 patents involved, Your Honor, in 14-1601, it had the same issue, but in a procurement firm, so it just didn't really address that at all. Well, I mean, a procurement firm means they considered it and redacted it. It wasn't expressly raised there, but I guess that would be some statement. Well, was it raised by you in the case? Not in that case, Your Honor. Oh, well, how were they expected to deal with the due process argument that was never made? It was raised in the lower part of the case and in the PTAB, but the PTAB said that they're not going to consider it on appeal, and the Federal Circuit said it wasn't briefed. Oh, well, do you think that the Federal Circuit should have considered an issue that wasn't raised and briefed on appeal? Perhaps the appellant was mistaken on the procedure at the time, given the petition path, the petition denial, and the consideration of an APA. So you think that it wasn't raised on appeal in the 275 PTAB proceeding because you thought this was the exclusive route and couldn't raise it there? It could have been the case, Your Honor. Are you speculating? I am speculating, Your Honor. I was not present for that. Well, you heard in the case that you just, I assume you sat through the argument in the prior case that the due process concerns, similar to presumably the ones you would have raised here, are included as part and parcel of the PTAB appeal, right? That would be correct. But then, again, that's the merits of, if you're going to brief that now for the first time at the Federal Circuit and really argue it, the case would have to, it seems the appellant is at a disadvantage to start it right now where the only statement we have is that the director only reviews FR. So you're saying it's an inadequate remedy in court. Yeah, right. It would seem that you'd have to go backwards to the PTAB and get them to say something on this issue. What difference does it make? I mean, if you're arguing a constitutional violation, I mean, we may listen to what the PTAB has to say, but it's not going to be a deferential review. I don't understand what harm it would be to you to have to raise it here even if no agency has opined on the constitutionality of the application. It happens all the time. Thank you. May I please record Megan Barbero on behalf of the USPTO? I wanted to ask you this. This is, I mean, a little bit of a strange procedure to me, but let's assume, I mean, the director denies to exclude this evidence. Is the examiner or the board still free to disregard it if they think it's not reliable? Neither the examiner nor the board is free to disregard that. Let me make sure you're understanding me. I'm not saying that the examiner or the board can exclude it from the record, but they can look at it, can't they, and say on the face of it, even though the director refused to exclude it on whatever constitutional or due process or whatever other grounds, we still find it insufficiently reliable to support a conclusion of obviousness. That they could do because, as is clear from the prior, the argument in the prior case in the board's decision there, the board did undertake to review the reliability of the evidence. I would say with respect to the director's decision that the evidence would not be excluded, that's, again, as was mentioned before, not a final decision on the relevant question here. Well, I mean, it makes sense to me that the examiner and the board are not going to ignore the director and probably can't, and say even though the director didn't exclude it, we're going to. But to me, that seems like it makes no difference whatsoever if you can still argue for the reasons that you wanted to exclude it in the first place that it's unreliable and that the board can refuse to rely on it. It's the irritating phrase that trial judges used for the 19 years I practiced law and then that I promptly adopted as a trial judge for 16 years. Well, that goes to weight, not admissibility. And what all of this underscores, of course, is that the final agency action, what Big Baboon is really upset about is that its patent claims are in re-examination and its complaint is about the evidentiary record. The petition decision is wrapped up with that. Its complaint is that the board misunderstood the reliability of that evidence. All of this demonstrates that throughout the course of the proceeding, there will be preliminary interlocutory decisions. Some of those are by the director, but they're in the course of this underlying re-examination proceeding. And when Big Baboon gets to the conclusion of that re-examination proceeding, if it has been aggrieved by the board's decision because, of course, it could prevail in front of the board. Big Baboon could convince the board that the evidence, in fact, was unreliable and it could prevail. Do you agree with my colleagues about even based on the admissibility decision, the board is free to not give any weight to that? My understanding is that that's correct and demonstrated by the board's decision in this case because, of course, the board did discuss the reliability of the evidence. What it didn't discuss was whether the federal rules of evidence would apply or the constitutional question per se, which is another point that I wanted to make clear. There was some discussion about raising the constitutional claim for the first time in this court. Of course, as the Supreme Court made clear in Elgin v. Department of Treasury, even if the agency didn't have the authority to address the constitutional question and in Elgin, it was a constitutional challenge to the selective service registration requirements and because employees were dismissed as a result of failure to register, their claim went up to the MSPB. There was a question about whether the MSPB even had the authority to address the constitutional challenge. The Supreme Court left open, I think, the question of whether the agency, in fact, had authority but said, even if it didn't, because this court could review the constitutional challenge in the first instance, that that was sufficient to challenge the constitutional claims along with the other claims through the process that Congress had established. In this case, the process that Congress has established for review is on appeal to this court at the termination of the reexamination proceeding. That's exactly what happened in the challenge that was heard in the first appeal. Big Baboon has available to it the adequate remedy in this court. It can raise its constitutional challenges. It, in fact, did that. It could have done so in the 275 appeal. It elected not to, but that does not mean it did not have an adequate remedy in a court. It did. Again, because it is a reexamination proceeding and one proceeding, as this court made clear in automated merchandising system, in analyzing the final agency action question, this court makes an independent evaluation, notwithstanding what the MPEP says. Even in automated merchandising systems, the agency actions in that case, the petition decisions themselves said, mistakenly, that they were final agency actions subject to review under 5 U.S.C. 704. This court undertook an independent analysis. It should do that here. Because at the petition stage, there hasn't been a loss of patent rights, that occurs, if at all, at the end of the reexamination proceeding. There's no final agency action. There's no consummation of the agency's decision-making on the relevant question. There's no determination of rights and obligations on the basis of... Perhaps the director should stop putting that line in the order. It's my understanding that the director has done so, and that's not on the decisions at issue in this case. The final point that I would like to make is that there are many practical reasons why the Administrative Procedure Act channels review of procedural decisions, along with review of the final agency decision. The statute of limitations under the APA is 6 years, so if that weren't the rule, you could have a proliferation of district court actions, challenging the evidentiary basis of a decision that has already been reviewed by this court on review of the board's final decision. Again, you would end up with piecemeal review, some of which may be unnecessary if the litigant prevails in the administrative proceedings. If there are no further questions, I would urge this court to affirm the district court's dismissal. Your Honor, if the court deems that it has jurisdiction now to hear this constitutional ground that the PTAB passed on, it would be very hard to see how the court could... There's been no interaction. It's one of the problems with this re-exam, the old re-exam statute, is there is no give and take in this process. It's the patentee and the patent office, and a third party comes in, like SAP, and files a declaration, and once it's admitted, there's no recourse, there's no discovery, there's nothing the patent applicant can do to pry that back out. And so because of that, that's why this whole path has been followed. Why do you need discovery to show it's a constitutional violation? Because the hallmark of constitutionality is the adversarial nature. That's why IPRs have the FRE and... We have to stop. Otherwise, you could admit a declaration saying virtually anything... The Constitution only applies to adversarial actions? I don't understand that answer at all. Well, due process, the hallmark for due process is an adversarial proceeding is some agreed way to confront the assertion of a fact, and some inter partes action. Here, there is none of that. Unfortunately, a petitioner for the re-exam just files a declaration, and once it's admitted, that's it. There's only the administrative proceedings like the 181... How does that prevent you from challenging the constitutionality of that? Are you saying that because the other side is not explaining why it's constitutional, that you can't challenge the constitutionality? That's precisely what the applicant was doing, but at every turn, the PTAB, the director basically said they're not considering it, it's petitionable. Again, who cares? You can keep saying that it's unconstitutional. You don't need an answer from the other side to say it's unconstitutional, do you? But then, with that logic, Your Honor, then the patent office would have conceded the point. They didn't argue back at all, so it's uncontested between us. No, they said they're not addressing it. That seems very arbitrary and capricious, Your Honor. Well, that's a completely different standard from the APA. I mean, do you know the Elgin case your friend cited? Because it's precisely the same thing. The MSPB was not going to declare a statute unconstitutional, and it came up here, and we said, I think that we can review it, and then it went on. I'm not sure if it came here, but that's the facts of the case there. You don't have to have a constitutional defense from the agency to preserve your attack. It baffles me while you're making that argument. Your Honor, again, Big Baboon is going to seek its rights as best it can, so it's traveled both paths here, and so the court can decide which one is the correct one. If nothing further. Thank you. We thank both sides. The case is submitted. Thank you.